# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **WAYNE SMITH and** ) | |
| **CURTIS E. CRAWFORD,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Civil Action No. 5:06-0065** |
| ) | |
| **JOHN DOE, Warden,** ) | |
| **FCI Beckley,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 30, 2006, Plaintiffs, acting *pro se* and formerly incarcerated at FCI Beckley in Beaver, West Virginia,[1] filed their Complaints in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] (Document No. 1.) Essentially, Plaintiffs allege that the conditions of confinement at FCI Beckley constitute cruel and unusual punishment in violation of their Eighth Amendment rights. Plaintiffs seek declaratory relief and compensatory and punitive damages. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

---

[1] The Federal Bureau of Prisons' website indicates that Plaintiff Smith is presently incarcerated at Allenwood FCC, located in White Deer, Pennsylvania, and Plaintiff Crawford was released from custody on September 29, 2006.

[2] Because Plaintiffs are acting *pro se*, the documents which they have filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACTUAL BACKGROUND

Plaintiffs complain that the conditions of confinement at FCI Beckley constitute cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Plaintiffs state as follows:

I. The Director, Regional Director, and Warden Charles T. Felts are allowing the prison staff at Beckley Federal Correctional institution to house inmates unlawfully in bubble areas that lack proper and adequate ventilation, desks, chairs, poor lighting, coupled with poor hygiene that is promoted by prison officials' failure to issue adequate health care items, such as soap, deodorant, and etc.

II. Inmates in (3) three men cells and (12) men cells are directly discriminated against, and lack proper and adequate space between beds and beds are attached to beds. That makes it difficult for inmates to sleep.

III. Inmates suffer from sound pollution because bubble and (3) three men cells were not properly designed or planned.

IV. Most lockers are in disrepair.

V. Most mattresses are without proper cover.

VI. Housing is cruel and unusual punishment.

(Document No. 1, p. 5.) Plaintiffs further allege that the bed mattresses have "material lumps," there is a "constant offensive odor in the bubble housing area," "inmates on top bunks have less than 18 inches of head space," and "most lockers in bubble area are attached to the beds and limit an inmate's movement during sleeping and entry and exiting bed." (Document No. 2, pp. 1 - 4.) Plaintiffs request the following relief: "(a) Court order certifying class action; (b) Compensatory damages of ($200,000.00) two hundred thousand dollars; (c) Punitive damages as determined by Court; (d) Assignment of class counsel; and (e) Injunction and restraining order against reprisal and retaliation by staff during pendency of case."[3] (Id., p. 6.)

---

[3] The undersigned notes that the Court cannot certify a class in an action where a *pro se* litigant seeks to represent the interest of the class. *See Oxendine v. Williams*, 509 F.3d 1405 (4th Cir.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.[4]

## ANALYSIS

The allegations stated in Plaintiffs' Complaint asserting violations of their constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct.

---

1975). Accordingly, Plaintiffs' request for certification of class will be denied. Nonetheless, the Court will consider the complaint as an individual suit.

[4] The undersigned notes that Plaintiff Crawford has been a frequent litigator in this Court having initiated eleven other actions in this District since September, 2005.

at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

     1.     **Eighth Amendment Claim:**

The undersigned views Plaintiffs' Complaint as setting forth a claim under the Eighth Amendment. Plaintiffs contend that the conditions of confinement at FCI Beckley are inhumane and unsafe. As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from

inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard, and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal

civilized measure of life's necessities." Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") Therefore, Plaintiffs must allege and eventually establish a "sufficiently serious" deprivation of the conditions of their confinement resulting in "serious or significant physical or mental injury" in order to maintain and prevail upon their Eighth Amendment claim.

Plaintiffs contend that prison conditions at FCI Beckley are cruel and unusual based upon the following: Inadequate ventilation, No desk or chair; Inadequate space between beds; Inadequate "head space" for inmates on top bunks; Poor lighting; Poor inmate hygiene resulting in an offensive odor in the bubble housing area; Sound pollution; Some lockers in disrepair; Some mattresses without proper cover; and Mattresses have "lumps." (Document No. 2, pp. 1 - 4.) In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." Plaintiffs' allegations do not rise to the level of an Eighth Amendment claim. Plaintiffs have failed to demonstrate that the

6

above prison conditions amounted to a deprivation of a human necessity. See Williams v. Adams, 935 F.2d 960, 962 (8th Cir. 1991)(plaintiff's allegations that the toilet in the cell did not work and continuously ran over causing the cell floor to stay filthy with waste stated an Eighth Amendment claim.) The conditions of confinement complained of by Plaintiffs amount to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380; see also Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."); Shrader v. White, 761 F.2d 975 (4th Cir. 1985)(prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work failed to state an Eighth Amendment claim);Ajaj v. United States, 479 F.Supp.2d 501, 512 (D.S.C. 2007)(citing Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994)("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare."); Oliver v. Powell, 250 F. Supp. 2d 593, 604 (E.D.Va. 2002)(prisoner's allegations that cell contained roaches, leaky toilets, and peeling paint did not state a claim under the Eighth Amendment). Furthermore, Plaintiffs fail to allege significant physical or emotional injury resulting from the challenged conditions. Strickler, 989 F.2d at 1381(an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of confinement). Plaintiffs merely make a conclusory statement that the challenged conditions are "unsafe and unhealthy for inmates." Therefore, the undersigned finds

that Plaintiffs have failed to state a claim under the Eighth Amendment for which relief can be granted.

### 2. **Equal Protection / Discrimination Claim.**

Plaintiffs allege that inmates in three and twelve men cells are directly discriminated against compared to those inmates located in two men cells. The relevant equal protection cases provide a basic three-step analysis to determine whether an inmate's right to equal protection has been violated. First, the inmate must produce evidence to show that he was treated differently than other similarly situated inmates. See Durso v. Rowe, 579 F.2d 1365, 1371 (7th Cir. 1978). Second, the inmate must show that he was intentionally singled out for harsher treatment. See Brandon v. District of Columbia Bd. of Parole (I), 734 F.2d 56, 60 (D.C. Cir. 1984); Stringer v. Rowe, 616 F.2d 993, 998 (7th Cir. 1980). Third, if the inmate was purposefully singled out, the analysis can take one of two paths. The first path is taken if the inmate can show that the prison's motivation in effecting its differential treatment implicates a suspect classification or a fundamental right. If this is established, the Court must strictly scrutinize the prison's actions. See O'Bar v. Pinion, 953 F.2d 74, 81-82. The prison must show that the classification is narrowly tailored to a compelling governmental interest. Id. If the prison's reason for the differential treatment does not implicate a suspect class or a fundamental right, the analysis takes the second path. See Brandon (I), 734 F.2d at 60, Brandon v. District of Columbia Bd. of Parole (II), 823 F.2d 644, 650 (D.C. Cir. 1987). On this path, the differential treatment is subject only to rational basis review. See O'Bar, 953 F.2d at 81-82. A rational basis review requires that the government's decision to treat similarly situated individuals differently bear some rational relationship to a legitimate State purpose. See id. at 81; Brandon (I), 734 F.2d at 60; Brandon (II), 823 F.2d at 650.

Plaintiffs state that "[i]nmates in (3) men cells and (12) twelve men cells are directly discriminated against, and lack proper and adequate space between beds and beds are attached to beds that make it difficult for inmates to sleep." (Document No. 1, p. 5.) Plaintiffs complain because inmates placed in two men cells have "desks and chairs, plus adequate space." (Document No. 6, p. 4.) Plaintiffs, however, do not suggest that other inmates placed in three or twelve men cells have desks, chairs, or more space between their beds. Thus, Plaintiffs fail to allege that they were treated differently than any other similarly-situated inmate. Plaintiffs have not shown that they were singled out for harsher treatment. The Court further notes that the placement, and number of inmates who may be safely assigned to a cell, are matters resting within the sound discretion of the prison administration. See Meachum v. Fano, 427 U.S. 215, 229, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976). Finally, Plaintiffs do not allege that the decision to place them in a three or twelve men cell was based on any suspect classification. Accordingly, the undersigned finds that Plaintiffs have failed to state a claim for denial of equal protection of the law.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiffs' Application to Proceed Without Prepayment of Fees and Costs (Document No. 3.), **DISMISS** Plaintiffs' Complaint (Document Nos. 1 and 2.), and remove this matter from the Court's docket.

The Plaintiffs are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiffs shall have thirteen days from

the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiffs, who are acting *pro se*.

Date: January 16, 2009.

R. Clarke VanDervort
United States Magistrate Judge